UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PATRICK SCOTT BLACK, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>)<br>BRENT LLOYD, et al., )<br>)<br>Defendants. ) | No. 1:08-cv-506-WTL-TAB |

**Entry Granting Defendants Lloyd and
Chapman's Motion for Summary Judgment**

Two of the defendants in this civil rights action brought by Patrick Scott Black are Brent Lloyd and Shawn Chapman, officers of the Evansville Police Department. These defendants seek resolution of the claims against them through the entry of summary judgment. For the reasons explained in this Entry, these defendants' motion for summary judgment (dkt 57) is **granted.**

**Background**

Black presents in this case the same allegations of excessive force that he alleged in *Black v. Lloyd*, No. 3:06-CV-00148-DFH-WGH (S.D.Ind. June 22, 2009) (*Black I*). In particular, Black alleges that on July 5, 2006, Officer Brent Lloyd and Officer Shawn Chapman used excessive force when they assisted in the arrest of Black. *Black I* resulted in the entry of summary judgment in favor of the sole defendant in that case, Officer Lloyd.

As noted, Lloyd and Chapman seek resolution of the claim against them in this action through the entry of summary judgment. Summary judgment is warranted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. Rule 56(c). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

"'[A] party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999)(quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted). If the nonmovant fails to submit materials meeting the standards of Rule 56(e) of the *Federal*

*Rules of Civil Procedure*, the defendant's motion may be resolved based on the evidentiary materials it has submitted. *See Koszola v. Board of Education v. City of Chicago,* 385 F.3d 1104 (7th Cir. 2004); *Moore v. Holbrook,* 2 F.3d 697, 699 (6th Cir. 1993)(if documents submitted in support of a motion for summary judgment do not satisfy the requirements of Rule 56(e), they must be disregarded).

Black has opposed the motion for summary judgment considered in this action through a narrative which (1) repeats his contention that he was the victim of the excessive use of force in connection with his arrest, (2) the evidence at trial will show that his injuries could not have been inflicted as the reporting officers have related, and (3) other instances of the use of excessive force by officers of the Evansville Police Department support his claim. These statements were not submitted under oath, do not refer to specific evidentiary material and are conclusory or speculative. These statements show Black's view of the encounter, but are not useful in creating an issue of fact because of the principles just noted. The consequence of the foregoing is that Black has conceded the moving defendants' version of the facts.

## Discussion

Lloyd and Chapman seek resolution of the claim against them in this action through the entry of summary judgment. Their argument is that Black's claims are barred by the doctrine of *res judicata* based on the disposition of *Black I*. The principles applicable to this defense are the following–

!   The doctrine of *res judicata* exists to protect "a victorious party from being dragged into court time and time again by the same opponent on the same cause of action." *See Lee v. Village of River Forest,* 936 F.2d 976, 981 (7th Cir. 1991). "The doctrine of *res judicata* reflects the refusal of law to tolerate needless litigation. Litigation is needless if, by fair process, a controversy has once gone through the courts to conclusion." *Angel v. Bullington,* 330 U.S. 183, 193-94 (1947)(internal citations omitted).

!   The preclusive effect of a judgment rendered by a federal court depends on federal, not state law. *In re Bridgestone Firestone, Inc., Tires Prods. Liab. Litig.,* 333 F.3d 763, 767 (7th Cir. 2003).

!   Under federal law, a party must meet three requirements to establish *res judicata*: "'(1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits.'" *Highway J Citizens Group v. U.S. Dept. of Transportation*, 456 F.3d 734, 741 (7th Cir. 2006) (quoting *Central States, Se & Sw Areas Pension Fund v. Hunt Truck Lines, Inc.,* 296 F.3d 624, 628 (7th Cir. 2002)).

Black's response to the motion for summary judgment considered in this Entry does not acknowledge the reasoning or the result in *Black I* or what effect, if any, the adjudication in

*Black I* should have on the present case. The three elements of a *res judicata* defense are quite evidently present as to the claim against Officer Lloyd. That is, Officer Lloyd was the defendant in *Black I*, the claim in *Black I* was the same claim which is asserted against Officer Lloyd in this case, and the adjudication in *Black I* was a final judgment on the merits. Accordingly, Officer Lloyd is clearly entitled to the entry of summary judgment in this action based on his defense of *res judicata*.

Officer Chapman was not a defendant in *Black I*. He argues that he was in privity with Officer Lloyd, who was the defendant, because the same conduct is attributed to each and because the same claim was asserted in *Black I* as asserted here. A defendant who was not a party to a prior litigation may nonetheless assert res judicata as an affirmative defense so long as it is in privity with the prior named defendants. *Russell v. SunAmerica Sec., Inc.,* 962 F.2d 1169, 1173 (5th Cir. 1992). The term "privity" signifies that the relationship between two or more persons is such that a judgment involving one of them may justly be conclusive upon another who was not directly a party to the litigation. 18 C. WRIGHT, A. MILLER, & E. COOPER, **FEDERAL PRACTICE & PROCEDURE** § 4449 (1981 & Supp. 1990). Privity is not established for *res judicata* purposes by showing that the prior decision involves the same issues of law or fact and it will affect the subsequent litigant's rights as judicial precedent. *Fabricius v. Freeman,* 466 F.2d 689, 693 (7th Cir. 1972). The Seventh Circuit held that appropriateness of claim preclusion depends on how closely the interests of two sets of litigants coincide and the role the absentees played in the prior litigation. *Tice v. American Airlines, Inc.,* 162 F.3d 966, 973 (7th Cir. 1998). Therefore, in order for privity to apply, the parties must be so closely aligned that they represent the same legal interest. *Kunzelman v. Thompson,* 799 F.2d 1172, 1178 (7th Cir. 1986). In *Black I*, this court specifically found that the use of force against Black was objectively reasonable under the circumstances. Officer Chapman employed the same or similar force that Officer Lloyd used in apprehending Black. In the circumstances of this case, Officer Chapman stands in privity with Officer Lloyd insofar as Black's claim of the excessive use of force as asserted in *Black I*. Officer Chapman is therefore entitled to prevail as to his defense of *res judicata*.

## Conclusion

For the foregoing reasons, the motion for summary judgment (dkt 57) is **granted**.

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 11/30/2009

Distribution:

Jean Marie Blanton
ZIEMER STAYMAN WEITZEL & SHOULDERS
jblanton@zsws.com

Thomas H. Bryan
FINE & HATFIELD
thb@fine-hatfield.com

David L. Jones
JONES WALLACE, LLC
djones@joneswallace.com

Robert W. Rock
JONES WALLACE LLC
rrock@joneswallace.com

William E. Statham
STATHAM ALLEGA & JESSEN, LLP
saj@statham-aj.com

Keith W. Vonderahe
ZIEMER STAYMAN WEITZEL & SHOULDERS
kvonderahe@zsws.com

PATRICK SCOTT BLACK
1409 16th Street
Des Moines, IA 50314